128 S.Ct. 1 (2007)
Christopher Scott EMMETT
v.
Loretta K. KELLY, Warden.
No. 06-11622.
Supreme Court of United States.
October 1, 2007.
The petition for a writ of certiorari is denied.
Statement of Justice STEVENS, with whom Justice GINSBURG joins, respecting the denial of certiorari.
The petition for certiorari seeking review of the Court of Appeals judgment upholding petitioner's death sentence was filed on June 1, 2007, well in advance of its June 27 due date. Under our normal practice, that timely petition would have been reviewed at our Conference on September 24, 2007. Nevertheless, Virginia set an execution date of June 13, 2007, making it impossible for us to consider the merits of the petition in the normal course, and making it necessary for the Court to rule on petitioner's last-minute application for a stay of execution. Although only four Members of the Court voted to grant that application, the Governor of Virginia, recognizing that basic fairness demands that capital defendants be given the opportunity to complete the legal appeals process prior to execution, granted petitioner a reprieve to afford us the opportunity to give the petition the careful consideration that it clearly merited.
As the majority opinion filed by Judge Traxler and the dissenting opinion filed by Judge Gregory demonstrate, reasonable judges can and do disagree about the merits of petitioner's challenge to the adequacy of his counsel's representation at the penalty phase of his trial. See 474 F.3d 154 (C.A.4 2007). Moreover, those opinions also make it clear that a thorough examination of the trial record, as well as the evidence that he claims his lawyers should have discovered, is essential for a correct appraisal of the merits. Having conducted that review, I do not dissent from the Court's decision to deny certiorari. I do, however, remain firmly convinced that no State should be allowed to foreshorten this Court's orderly review of federal constitutional claims of first-time habeas petitioners by executing prisoners before that review can be completed.
Both the interest in avoiding irreversible error in capital cases, and the interest in the efficient management of our docket, would be served by a routine practice of staying all executions scheduled in advance of the completion of our review of the denial of a capital defendant's first application for a federal writ of habeas corpus. Such a practice would be faithful to the distinction between first and successive habeas petitions recognized by Congress in the Antiterrorism and Effective Death Penalty Act (AEDPA) and would accord death row inmates the same, rather than lesser, procedural safeguards as ordinary litigants. It is a practice that Justice GINSBURG and I have followed in the past and one that I hope a majority of the Court will eventually endorse.